■ In the Matter of the Claim of JOHN FATA, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 14, 1975, which affirmed the decision of a referee sustaining the initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits on the ground that he lost his employment through misconduct. Claimant was employed as a commission salesperson in a store which had a policy of giving 10% discounts to store employees who made purchases for their own use or for the use of immediate members of their families. The board found that claimant, who was aware of the company policy, violated it by granting the discount on a sale to a cousin of an employee. There is substantial evidence in the record to support the finding of the board. Decision affirmed, without costs. Greenblott, J. P., Mahoney, Main, Larkin and Herlihy, JJ., concur.

■ In the Matter of the Claim of WALTER SOZZI, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 3, 1975, which affirmed the decision of a referee modifying and sustaining an initial determination of the Industrial Commissioner holding claimant ineligible to receive benefits from October 28, 1974 to February 6, 1975 because of incapability and from October 28, 1974 to May 28, 1975 because of unavailability. On this record there is no question that claimant was physically incapable of employment in his former or, indeed, any occupation between October, 1974 and February 6, 1975, the date a Florida doctor, after examination, found claimant able to work without restrictions. He was a sick man as attested to by his voluntary retirement and the medical report attending that event. With respect to the period subsequent to February 6, 1975 there is substantial evidence in the record to support the finding that claimant's efforts to obtain employment were casual, sporadic and not sufficient in number so that his efforts could be equated with the requisite diligence prescribed in *Matter of Guilshan (Catherwood)* (32 AD2d 707), and *Matter of Knobloch (Catherwood)* (28 AD2d 765). Decision affirmed, without costs. Greenblott, J. P., Mahoney, Main, Larkin and Herlihy, JJ., concur.